UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN D. BENNETT,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SCOUTING AMERICA ALOHA COUNCIL<br>#104,  SCOUTING AMERICA;<br><br>                    Defendants. | CIV. NO. 24-00408 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A
CIVIL CASE ALLEGING BREACH OF CONTRACT WITH LEAVE TO AMEND;
AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On September 20, 2024, pro se Plaintiff Nathan D. Bennett ("Plaintiff") filed the Complaint for a Civil Case Alleging Breach of Contract ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] For the reasons set forth below, the Complaint is dismissed, and the Court will reserve ruling on the Application. Plaintiff will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and the Court will rule on the Application if any portion of the amended complaint survives the screening process. Plaintiff's amended complaint must be filed by **January 28, 2025**.

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

curiam))). The court also recognizes that
"[u]nless it is absolutely clear that no
amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to
dismissal of the action." Lucas v. Dep't of
Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also
Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic]
Cir. 2000).

Despite the liberal pro se pleading
standard, the court may dismiss a complaint
pursuant to Federal Rule of Civil
Procedure 12(b)(6) on its own motion. See Omar v.
Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.
1987) ("A trial court may dismiss a claim sua
sponte under [Rule] 12(b)(6). Such a dismissal
may be made without notice where the claimant
cannot possibly win relief."); see also Baker v.
Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.
Cir. 1990) (holding that district court may
dismiss cases sua sponte pursuant to
Rule 12(b)(6) without notice where plaintiff
could not prevail on complaint as alleged). . . .
"Federal courts are courts of limited
jurisdiction," possessing "only that power
authorized by Constitution and statute." United
States v. Marks, 530 F.3d 799, 810 (9th Cir.
2008) (quoting Kokkonen v. Guardian Life Ins.
Co., 511 U.S. 375, 377 (1994)). The assumption is
that the district court lacks jurisdiction. See
Kokkonen, 511 U.S. at 377. Accordingly, a "party
invoking the federal court's jurisdiction has the
burden of proving the actual existence of subject
matter jurisdiction." Thompson v. McCombe, 99
F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some

citations omitted).

## DISCUSSION

### I.    Jurisdiction

Federal courts are presumed to lack subject matter jurisdiction, and the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Even liberally construing Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it fails to allege facts to establish subject matter jurisdiction.

#### A.    Diversity Jurisdiction

Although it is not entirely clear, Plaintiff apparently alleges Defendant Scouting America – Aloha Council #104 and Defendant Scouting America ("Defendants") breached the written and oral contracts governing his employment. See Complaint at pg. 4. Plaintiff appears to assert diversity jurisdiction over his state law breach of contract claim. See id. at pg. 1, 3. However, Plaintiff fails to plead a basis for diversity jurisdiction.

> Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Williams v. United

<u>Airlines, Inc.</u>, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005)); <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).

<u>Clark v. Trisler</u>, CIVIL NO. 22-00559 JAO-KJM, 2023 WL 11884356, at *1 (D. Hawai`i Jan. 10, 2023). An individual who is a citizen of the United States is a citizen of her state of domicile, meaning "her permanent home, where she resides with the intention to remain or to which she intends to return." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). On the other hand, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

Here, Plaintiff alleges he is a citizen of Hawai`i. [Complaint at pg. 3.] Plaintiff also alleges Defendants are corporations that are incorporated in Hawai`i with their principal place of business in Texas. [<u>Id.</u>] Accepting Plaintiff's allegations as true, there is not complete diversity of citizenship between the parties. The allegation that Defendants are citizens of Hawai`i is fatal to diversity jurisdiction. Thus, the Court concludes that Plaintiff has not established jurisdiction based on diversity of citizenship. <u>See</u> 28 U.S.C. § 1332(a)(1).

B.    **Federal Question Jurisdiction**

Plaintiff appears to be asserting a breach of contract claim, but the allegations supporting that claim include that Defendants breached the contracts by committing "Constructive Discharge, and as Retaliation, as a Whisteblowar [sic] to their Actions . . . ." [Complaint at pg. 4.] This may have been an attempt to allege employment discrimination and/or retaliation claims under federal law. See, e.g., 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"). However, even liberally construing the Complaint, the Court is unable to determine whether Plaintiff is bringing employment discrimination and/or retaliation claims and, if so, whether he is bringing those claims under federal law. The Court therefore concludes that the Complaint does not establish jurisdiction based on federal question. See 28 U.S.C. § 1331.

C.    **Dismissal and Leave to Amend**

Because the Complaint does not establish a basis for either federal question jurisdiction or diversity jurisdiction, the Court must dismiss the Complaint for lack of jurisdiction.

See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,
546 F.3d 981, 984-85 (9th Cir. 2008) ("Dismissal for lack of
subject matter jurisdiction is appropriate if the complaint,
considered in its entirety, on its face fails to allege facts
sufficient to establish subject matter jurisdiction." (citation
omitted)).

While the Court has doubts as to whether Plaintiff
will be able to amend the Complaint to sufficiently allege
subject matter jurisdiction, because it is arguably possible for
Plaintiff to do so, dismissal is with leave to amend. See Lucas,
66 F.3d at 248.

If Plaintiff should so choose, Plaintiff may attempt
to remedy the deficiencies in the Complaint by filing an amended
complaint. To do so, Plaintiff's amended complaint must explain
the specific basis for the Court's jurisdiction. Plaintiff
cannot incorporate any part of his original Complaint into the
amended complaint by referring to the original Complaint.
Plaintiff may not expand his claims beyond those already alleged
herein, or add new claims, unless the new claims relate to the
claims alleged in the original Complaint. Claims that do not
properly relate to those in the Complaint are subject to
dismissal, even if the amended complaint pleads a sufficient
basis for jurisdiction.

Plaintiff is cautioned that, if he fails to file his amended complaint by the deadline in this Order, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

## II.  <u>Application</u>

Insofar as the Complaint has been dismissed with leave to amend, the Court declines to rule on the Application at this time. The Court reserves ruling on the Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, the Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

<u>CONCLUSION</u>

On the basis of the foregoing, Plaintiff's Complaint for a Civil Case Alleging Breach of Contract, filed September 20, 2024, is HEREBY DISMISSED. The dismissal is with leave to file an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file an amended complaint by **January 28, 2025.** The amended complaint must comply with the terms of this Order. Plaintiff is CAUTIONED that, if he fails to file an amended complaint by **January 28,**

**2025,** the Complaint will be dismissed without leave to amend on **January 29, 2025.**

In addition, the Court RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 20, 2024. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 29, 2024.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**NATHAN D. BENNETT V. SCOUTING AMERICA ALOHA COUNCIL #104 ET AL., CV 24-00408 LEK-WRP; ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT WITH LEAVE TO AMEND; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**